THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JACINTO A. PALACIOS, Defendant and Appellant, and MANUEL ABAD FILOMENO, Defendant.

No. 11734. Argued February 12, 1947.—Decided February 24, 1947.

*Cayetano Coll Cuchí* for appellant.   *Luis Negrón Fernández, Acting Attorney General,* and *Joaquín Correa Suárez, Assistant Prosecuting Attorney,* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

Jacinto A. Palacios was tried and convicted on a charge of adulteration of milk.   He has appealed from a judgment sentencing him to pay a fine of twenty-five dollars.

The first error assigned is that the information is defective.   The information charges Abad Filomeno [1] and Jacinto A. Palacios with adulteration of milk, alleging that "the first as the driver and the second as owner of a dairy . . . kept and offered for sale as pure, and transported to be used for human consumption, cow's milk artificially adulterated with water."

The theory of Palacios is that § 1 of Act No. 77, Laws of Puerto Rico, 1925 (p. 558), provides for the two different crimes of transporting adulterated milk and offering the same for sale; that these two crimes are independent of each other and involve wholly different characteristics; and that the information is defective in that it alleges that the two said crimes were committed by Filomeno and Palacios jointly, without indicating the participation of each of them in the two crimes.

We agree with the *Fiscal* of this court that § 1 of Act No. 77, Laws of Puerto Rico, 1925 (p. 558), provides for different ways in which to commit a single crime.[2]   The Legislature was aiming at a single evil—human consumption of adulterated milk—when it made criminal the (1) adulteration, (2) sale, offering or keeping for sale, and (3) the transportation of adulterated milk to be used for human consump-

---

[1] Filomeno pleaded guilty and his case is therefore not before us.

[2] Section 1 reads as follows: "Every person who adulterates or dilutes milk and every person who sells, offers or keeps for sale, or who transports or stores milk to be used for human consumption, and every person using milk adulterated or diluted for industrial purposes, when such milk is to be used in the preparation of food for human consumption, shall be guilty of misdemeanor . . . "

tion. Each of these acts is therefore a different way of committing the crime established by § 1. In *People* v. *Del Valle,* 54 P.R.R. 41, we came to the same conclusion as to the crime of breach of the peace.

Our view therefore is that the information did not charge both defendants with committing jointly two different crimes. On the contrary, it charged both of them with violating § 1 in two different ways. Consequently, the information was not defective. It may be that Palacios was entitled to a bill of particulars as to how he violated § 1 in both ways; but he never made a request therefor.

█ The defendant assigns as error that three samples of the milk involved herein were taken by the inspector, who delivered one to the defendant and the other two to the Department; that this prosecution was based on an analysis of one of the Department samples; that the defendant requested a verification test to compare the second Department sample with the one involved herein; that no verification test took place; and that pursuant to Article 11 of Regulation 105 of the Department no defendant may be charged with the offense herein if such a verification test is not had after request therefor. We find nothing in Article 11 making such a verification test a prerequisite to this prosecution. Moreover, if Article 11 did so provide, it would be contrary to § 1 of Act No. 77 and therefore invalid. *People* v. *Bou,* 64 P.R.R. 445.

█ The defendant also assigns as error the refusal of the lower court to permit the defendant to testify as to what Dr. Muñoz, an official of the Department of Health, told the defendant in connection with the defendant's request for the said verification test. In view of our holding that the lack of a verification test did not bar this prosecution, this testimony was immaterial. We therefore find it unnecessary to examine the ruling of the lower court that such testimony would be hearsay.

The judgment of the district court will be affirmed.